Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8850 | **DATE** | 5/26/2000 |
| **CASE TITLE** | Linda Williams vs. Detective Jaglowski, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for reconsideration (Doc. No. 28-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 30 2000 date docketed | 32 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/26/2000 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | **DOCKETED** |
| | ) | MAY 3 0 2000 |
| v. | ) | No. 97 C 8850 |
| | ) | |
| DETECTIVE JAGLOWSKI and LIEUTENANT R. KELLY, | ) ) ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case involves a suspended police officer, Plaintiff Linda Williams, who was arrested and charged with obstructing the performance of a peace officer. The arrest was made when Plaintiff refused to provide a police officer with her date of birth during a homicide investigation and also refused to produce police identification in violation of Chicago Police Department Rule 37 ("Rule 37").[1] Plaintiff brought suit under 42 U.S.C. § 1983 against Detective Allen Jaglowski and Lieutenant Ronald Kelly ("Defendants") of the Chicago Police Department ("CPD"), claiming that her arrest and detention violated her Fourth Amendment right against unreasonable seizures and her Fifth Amendment privilege to remain silent.

Upon cross-motions for summary judgment, this court held that Defendants lacked probable cause to believe that Plaintiff had violated the Illinois obstruction statute. *See*

---

[1] The facts of the case are set forth in detail in the court's decision upon cross-motions for summary judgment, and need not be repeated here. *See Williams v. Jaglowski*, No. 97 C 8850, 1999 WL 965866, at *1 (N.D. Ill. Sept. 29, 1999).

*Williams v. Jaglowski*, No. 97 C 8850, 1999 WL 965866, at *8 (N.D. Ill. Sept. 29, 1999). On the closely related charge of violating police department rules by failing to identify herself upon request, the court decline to decided whether Defendants had probable cause to arrest Plaintiff, noting that the record did not support a conclusion on the applicability of the police rules to a suspended officer. *See id.* at *10. Ultimately, however, the court granted Defendants' motion for summary judgment on the defense of qualified immunity, concluding that in light of the uncertainty surrounding the obligation of a suspended officer to comply with police rules, the arrest did not violate any clearly established statutory or constitutional right. *See id.* at *12.

Pursuant to Federal Rule of Civil Procedure 59, Plaintiff now moves for reconsideration of the September 29, 1999 order granting judgment in Defendants' favor. Specifically, Plaintiff argues that reconsideration is warranted on three bases: (1) the court failed to consider the subjective belief of the arresting officer in making its qualified immunity determination; (2) the court misapprehended the requirements of Police Rule 37; and (3) the court adopted an overly broad reading of the holding in *Richardson v. Bonds*, 860 F.2d 1427 (7th Cir. 1988) to conclude that Plaintiff had a clearly established right not to respond to police questioning during an investigation.

Motions for reconsideration serve a narrow function and must be supported by a showing of extraordinary circumstances justifying relief from judgment. *See Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 684 (7th Cir. 1998). As such, motions for reconsideration are designed to correct manifest errors of law or fact or

2

to present newly discovered evidence. *See Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986). With these principles in mind, the court will consider each of Plaintiffs' arguments in turn.

Plaintiff argues that Defendants' subjective understanding of the legal justification for Plaintiff's arrest controls the qualified immunity inquiry. Specifically, Plaintiff points to the deposition testimony of Defendant Kelly during which Kelly stated that Plaintiff could not have been arrested "[f]or just not answering the questions[.]" (Kelly Dep., at 15.) Plaintiff further notes that Jaglowski testified that his decision to arrest Plaintiff had nothing to do with police rule violations, and that instead he believed she was obstructing his investigation because "she refused to answer questions that were material to the investigation." (Jaglowski Dep., at 59.) Plaintiff argues, that this testimony shows that arresting Plaintiff for violating a police rule is not a "rationale that would recommend itself to a to a reasonable police officer acting in good faith." Because Defendants did not actually believe that the police rules provided a justification to arrest her, Plaintiff argues, they are not entitled to immunity.

Plaintiff misunderstands the doctrine of qualified immunity, as the standard for determining its application is an objective one. Indeed, the U.S. Supreme Court has explicitly stated that "[e]vidence concerning the defendant's subjective intent is simply irrelevant to that defense." *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). In the context of an improper

3

arrest, the determination of whether the challenged conduct was in violation of clearly established constitutional rights turns on the objective inquiry of whether a reasonable police officer, in light of clearly established law and with the facts known to him at the time, could have mistakenly believed that probable cause to arrest existed. *See Humphrey v. Staszak*, 148 F.3d 719, 727 (7th Cir. 1998). Plaintiff's assertion that the subjective beliefs of Defendants affect their entitlement to immunity is legally erroneous. The court has already determined that Defendants' actions were objectively reasonable either (1) because the law is uncertain about whether reasonable suspicion--here based on the facts that Plaintiff was romantically involved with the deceased, made the 911 call shortly after his death, and was evasive in responding to questions--is sufficient to compel information from a suspect; or (2) because, even if Jaglowski's questioning of Plaintiff was not supported by reasonable suspicion, "it is not obvious that Plaintiff had a clearly established right not to respond." *See Williams*, 1999 WL 965866, at *11. For this reason, the court denies Plaintiff's motion for reconsideration on this basis.

Next, Plaintiff argues that the court misunderstood Rule 37 to require "production of identification" rather than its actual requirement that an officer "correctly identify himself by giving his name, rank and star number when so required by other members of the Department[.]" Therefore, Plaintiff argues, because "nothing in Rule 37 requires a police officer to produce his or her identication [*sic*]," the court improperly relied on a violation of a police rule as a basis for Plaintiff's arrest. This argument is an exercise in semantics and does not persuade the court. The undisputed facts establish that Plaintiff was evasive about her

4

status with the CPD, and that she refused to produce police identification, including her "star number." Reasonably assuming Plaintiff was an active police officer, Jaglowski could have believed that her failure to identify herself as required in Rule 37 was a violation of her obligations under that Rule. Because such belief, in the absence of a clearly established right on the part of Plaintiff not to respond, was objectively reasonable, Defendants are entitled to qualified immunity.

Finally, Plaintiff argues that the holding of Richardson v. Bonds, 860 F.2d 1427 (7th Cir. 1988) should be limited to cases involving firearms. Richardson involved the arrest of an armed off-duty police officer who failed to respond to a request for police identification during the investigation of illegal drug consumption. See id. at 1428-29. In arguing that he was entitled to qualified immunity, the arresting officer offered two rationales for Richardson's arrest: (1) that a reasonably competent officer would be aware that a civilian is prohibited from carrying a concealed firearm; and (2) that a reasonably competent officer would have known of police rules requiring an officer to identify himself in response to inquiries by fellow police officers. See id. at 1431. After analyzing the failure to identify rationale, the court granted summary judgment in favor of the arresting officer on the qualified immunity defense, concluding that a reasonably competent officer could have relied on the violation of the police rules to make an arrest, even though the law was not clear as to the application of Rule 37 to off-duty officers. See id. at 1434.

Nothing in the Richardson decision suggests that the court limited its holding to cases involving armed officers. Indeed, that Richardson was carrying a firearm appears not to have

5

figured at all into the court's qualified immunity analysis. Instead, the court concluded that, "at the time of the arrest, it was not clearly established that an off-duty police officer could not be arrested for failing to identify himself, as required by police department regulation." *See id.* at 1433. This court applied that holding to the facts presented here and concluded that, likewise, it does not appear that a "suspended officer has a clearly established right not to cooperate with an investigating officer's questions regarding her status as a police officer or to provide information necessary to confirm that status." *See Williams*, 1999 WL 965866, at *11.

Accordingly, Plaintiff's motion for reconsideration (Doc. 28-1) is denied.

ENTER:

Dated: May 26, 2000

REBECCA R. PALLMEYER
United States District Judge